STATE *vs.* GAETANO VISCIANI.

JANUARY 7, 1920.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1) Jurors. Constitutional Law.*

Pub. Laws, 1918, cap. 1677, § 23, relative to the service of persons drawn as grand and petit jurors, is not obnoxious to Cons. R. I. Art. I, § 7.

*(2) Constitutional Question.*

A motion to quash an indictment on the ground that the grand jury was not impaneled in accordance with the statute, must in the first instance be presented to the Superior Court and is not properly before the appellate court upon the certification of a constitutional question which formed another ground of the motion to quash.

INDICTMENT. Heard on certification of a constitutional question.

SWEETLAND, J. The above entitled proceeding is an indictment charging the respondent with the crime of murder.

In the Superior Court the respondent filed his motion to quash said indictment. As one of the grounds of said motion the respondent questions the constitutionality of a certain provision of the statutes of this State. The constitutional question has been certified to this court for determination. It appears in said motion as follows: "The defendant, Gaetano Visciani, moves to quash this indictment as to him because Section 23, Chap. 1677, Pub. Laws, 1918, under which said indictment is drawn is in violation of Section 7 of Article I of the Constitution of Rhode Island provided as follows: 'No person shall be held to answer for a capital or other infamous crime, unless on presentment or indictment by a grand jury, except in cases of impeachment, or of such offences as are cognizable by a justice of the peace; or in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger. No person shall, after an acquittal, be tried for the same offence.' "

We have examined the question certified and the respondent's claim appears to us to be entirely without validity. Sec. 23, Chap. 1677, Pub. Laws, 1918, is as follows: "No person summoned as a petit juror shall be required to serve for more than two weeks in any year in which he may be summoned; unless at the expiration of such period of two weeks he shall be actually serving on a jury theretofore impaneled to try an issue then pending and

undetermined; in which case he shall continue to serve until such trial is concluded: *Provided*, that in the counties of Newport, Washington and Kent he may be required to serve for and during the session of the court in said counties. Every person summoned as a grand juror shall serve as such in the year for which he is summoned for such time as the court may require."

Without passing upon whether it can properly be said that "said indictment is drawn" under said Section 23, it is clear that said section in no respects violates the provisions of Section 7, Article I of the Constitution of Rhode Island.

(2) In another ground of his motion to quash it appears that the respondent claims that the indictment "was returned by a grand jury that was not impaneled, examined and drawn in accordance with Section 36 of Chapter 1677 of the Public Laws of 1918." Before us the attorney for the respondent based a considerable portion of his argument upon that contention. This second ground of his motion, however, is not before us upon the constitutional question. If the respondent desires to urge that said indictment was not returned by a grand jury impaneled in accordance with the statute such objection must in the first instance be presented to the Superior Court and it does not come here upon the certification of a constitutional question.

Our decision is that Section 23, Chapter 1677, Pub. Laws, 1918, does not violate Section 7, Article I of the Constitution of Rhode Island. It is ordered that the papers in the case shall be sent back to the Superior Court with this decision certified thereon.

*Antonio A. Capotosto, Asst. Atty. General*, for State.
*Benjamin Cianciarulo, Frank J. Rivelli*, for defendant.